UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00064-GNS

SHM JAMESTOWN, LLC                                                                    PLAINTIFF

V.

CITY OF JAMESTOWN, KENTUCKY;
UNITED STATES OF AMERICA; and
UNITED STATES ARMY CORPS OF ENGINEERS                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 10) filed by the United States of America ("United States") and U.S. Army Corps of Engineers ("Corps") (jointly "Moving Defendants"). The motion has been fully briefed and is ripe for decision. For the reason stated below, the motion is **GRANTED.**

### I.     STATEMENTOF THE CASE

This is action was filed by Plaintiff SHM Jamestown, LLC seeking a declaration of rights invalidating an ordinance passed by Defendant City of Jamestown, Kentucky ("City"), allowing the City to annex real property (the "Property") Plaintiff leased from the United States, and seeking damages against City for violations of Plaintiff's constitutional rights under the Constitution of the United States and the Commonwealth of Kentucky. On April 8, 2016, the City enacted an ordinance manifesting its intent to annex the Property. Although KRS 81A.425(3) required the City to notify the property owner no later than fourteen days prior to the enactment of the ordinance, the City failed to notify both Plaintiff and the United States of its intentions.

Moving Defendants claim they have not waived their sovereign immunity, which is required for jurisdiction under federal law. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff is not seeking relief against Moving Defendants. Thus, Moving Defendants request that the claim against them be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

However, Plaintiff claims Moving Defendants are indispensable parties, as the matter requires the adjudication of property rights of the United States. Moving Defendants argue that if Plaintiff is correct and the United States has a property interest at stake in this matter, the claim should be dismissed in its entirety.

## II.      JURISDICTION

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

## III.      STANDARD OF REVIEW

When a motion to dismiss is filed by the United States based on sovereign immunity the motion should be treated as a motion under Fed. R. Civ. P 12(b)(1), dismissal for lack of subject matter jurisdiction. *See In re Ohio River Disaster Litig.*, 862 F.2d 1237, 1244 (6th Cir. 1988). In order to survive dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court must "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted). "A plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law." *Id.* (internal quotation

marks omitted) (citation omitted). "[S]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts will not defeat a motion to dismiss." *Id.* (internal quotation marks omitted) (citation omitted).

For a plaintiff to survive a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim must allow the court "to draw a reasonable inference" as to the defendant's liability to be facially plausible. *Id.* "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id.* (internal quotation marks omitted) (citation omitted). A pleading that offers labels and conclusions or systematic or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV.     **DISCUSSION**

Moving Defendants argue the claim against them should be dismissed for two reasons. First, Moving Defendants argue that sovereign immunity does not allow the courts to establish subject matter jurisdiction over the United States and that this case should be dismissed in accordance with Fed. R. Civ. P. 12(b)(1). (Defs.' Mem. in Supp. of Mot. to Dismiss 1-2, DN 10-1). Second, Moving Defendants argue Plaintiff has failed to state a claim for which relief could

be granted and the case should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6). (Defs.' Mem. in Supp. of Mot. to Dismiss 2-3).

### A. Rule 12(b)(1)

Sovereign immunity protects the United States and its agencies from law suits by removing the court's subject matter jurisdiction over the claim. The United States must waive sovereign immunity for the court to have jurisdiction, without waiver jurisdiction cannot be found. *See Mitchell*, 463 U.S. at 212. The United States claims it has not waived sovereign immunity, and Plaintiff has not offered any proof of such a waiver. Because of this, there is no subject matter jurisdiction over Moving Defendants. The United States and Corps must be dismissed as parties to the claim due to lack of subject matter jurisdiction.

### B. Rule 12(b)(6)

A claim will only survive a motion to dismiss for failure to state a claim if the facts pleaded allow the relief to be facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A complaint must also include "direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (citation omitted).

Plaintiff does not assert claims against either of Moving Defendants in the Complaint. In fact, the Complaint does not contain any language that leads the Court to infer an allegation is being made against either the United States or Corps. Plaintiff frankly admits in its response that no claim or award against the United States or Corps is being sought.

According to Plaintiff, the United States and Corps have a property interest at stake in this matter and are indispensable parties because the matter requires the adjudication of property rights of the United States. (Pl.'s Resp. to Defs.' Mot. to Dismiss 1-2, DN 13). The United

States does not have a property interest at stake in this matter. City's annexation of this land will not affect the United States' ownership of the land or usurp its authority over the land. "A state may conform its municipal structures to its own plan, so long as the state does not interfere with the exercise of jurisdiction within the federal area by the United States." *Howard v. Comm'rs of Sinking Fund of City of Louisville*, 344 U.S. 624, 626-27 (1953). In *Howard*, the City of Louisville annexed federal land which was the location of a Naval Ordnance Plant. In rejecting the argument that the city lacked the authority to annex the federal area, the Court stated that "[a] change of municipal boundaries did not interfere in the least with the jurisdiction of the United States within the area or with its use or disposition of the property." *Id. See also First Hardin Nat'l Bank v. Fort Knox Nat'l Bank*, 361 F.2d 276, 279 (6th Cir. 1966) ("The principle has been well established that a military reservation within a state remains a geographical part of the city, county and state of which it was part at the time of acquisition by the United States."). Based upon the holding in *Howard*, the Court finds the United States and Corps are not indispensable parties and they must be dismissed for Plaintiff's failure to state a claim against Moving Defendants upon which relief can be granted.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 10) is **GRANTED**, and all claims asserted against United States of America and United States Army Corps of Engineers are **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
August 25, 2016

cc: counsel of record

5